1  SCOTT N. SCHOOLS
   United States Attorney
2  Northern District of California
   CHARLES M. O' CONNOR (CA State Bar No. 56320)
3  Assistant United States Attorney
   9th Floor, Federal Building
4  450 Golden Gate Avenue, Box 36055
   San Francisco, CA  94102
5  Telephone (415) 436-7180

6  RONALD J. TENPAS
   Assistant Attorney General
7  Environment & Natural Resources Division
   United States Department of Justice
8  LESLIE M. HILL (D.C. Bar No. 476008)
   Leslie.Hill@usdoj.gov
9  Environmental Defense Section
   601 D. Street N.W., Suite 8000
10 Washington D.C.  20004
   Telephone (202) 514-0375
11 Facsimile (202) 514-8865

12 Attorneys for Defendants

13

**IN THE UNITED STATES DISTRICT COURT**
14  **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
    **SAN FRANCISCO DIVISION**

15

| | |
|---|---|
| 16  SIERRA CLUB, *et al.*, | Case. No.: C-08-00956-JL |
| 17         Plaintiffs, | **DEFENDANT'S ANSWER TO PLAINTIFFS'** |
| 18         v. | **COMPLAINT FOR DECLARATORY AND** |
| 19  STEPHEN L. JOHNSON, in his official | **INJUNCTIVE RELIEF** |
|     capacity as Administrator of the United States | |
| 20  Environmental Protection Agency, | |
| 21         Defendant. | |

22

23

Defendant, by and through the undersigned counsel, hereby asserts his defenses and answer to Sierra Club's, Natural Resource Defense Council's, and Alliance for Healthy Homes' (collectively "Plaintiffs") Complaint for Declaratory and Injunctive Relief (the "Complaint"). The numbered paragraphs in this Answer correspond to the numbered paragraphs in the Complaint.

## INTRODUCTION

1. The allegations set out in Paragraph 1 constitute a characterization of Plaintiffs' claims and conclusions of law, to which no response is required.

2. The allegations set out in the first sentence of Paragraph 2, as stated, are too vague and ambiguous to enable Defendants to admit or deny same. The remaining allegations set out in Paragraph 2 purport to characterize unidentified tests, which speak for themselves and are the best evidence of their contents.

3. The allegations set out in Paragraph 3 purport to characterize Plaintiffs' petition, received by EPA September 20, 2007 (the "Petition"), which speaks for itself and is the best evidence of its contents.

4. The allegations set out in Paragraph 4 purport to characterize EPA's Letters to Petitioners, of December 18, 2007, which speak for themselves and are the best evidence of their contents.

5. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 and, on that basis, denies these allegations.

## JURISDICTION AND VENUE

6. The allegations set out in Paragraph 6 constitute a characterization of Plaintiffs' claims and conclusions of law, to which no response is required.

7. The allegations set out in Paragraph 7 constitute a characterization of Plaintiffs' claims and conclusions of law, to which no response is required.

1   8.   The allegations set out in Paragraph 8 constitute a characterization of Plaintiffs'
2        claims and conclusions of law, to which no response is required.
3   9.   The allegations set out in Paragraph 9 constitute a characterization of Plaintiffs'
4        claims and conclusions of law, to which no response is required.
5   10.  The allegations set out in Paragraph 10 constitute a characterization of Plaintiffs'
6        claims and conclusions of law, to which no response is required.
7   11.  Defendant is without information or knowledge sufficient to form a belief as to
8        the truth of the allegations set forth in the first sentence of Paragraph 11 and, on
9        that basis, denies these allegations. The remaining allegations set out in Paragraph
10       11 constitute a characterization of Plaintiffs' claims and conclusions of law, to
11       which no response is required.

## PARTIES

13  12.  Defendant is without information or knowledge sufficient to form a belief as to
14       the truth of the allegations set forth in Paragraph 12 and, on that basis, denies
15       these allegations.
16  13.  Defendant is without information or knowledge sufficient to form a belief as to
17       the truth of the allegations set forth in Paragraph 13 and, on that basis, denies
18       these allegations.
19  14.  Defendant is without information or knowledge sufficient to form a belief as to
20       the truth of the allegations set forth in Paragraph 14 and, on that basis, denies
21       these allegations.
22  15.  Defendant is without information or knowledge sufficient to form a belief as to
23       the truth of the allegations set forth in the first, second, fourth, and fifth sentences
24       of Paragraph 15 and, on that basis, denies these allegations.  The allegations set
25       forth in the third sentence of Paragraph 15 characterize EPA's regulations, which
26       speak for themselves and the best evidence of their contents.

1  16. The allegations set out in Paragraph 16 constitute a characterization of Plaintiffs'
2      claims and conclusions of law, to which no response is required.
3  17. Defendant admits that Stephen L. Johnson is the Administrator of EPA. The
4      remaining allegations set forth in Paragraph 17 constitute conclusions of law to
5      which no response is required.

## STATUTORY FRAMEWORK

7  18. The allegations contained in Paragraph 18 constitute conclusions of law to which
8      no response is required.
9  19. The allegations contained in Paragraph 19 constitute conclusions of law to which
10     no response is required.
11 20. The allegations contained in Paragraph 20 constitute conclusions of law to which
12     no response is required.
13 21. The allegations contained in Paragraph 21 constitute conclusions of law to which
14     no response is required.
15 22. The allegations contained in Paragraph 22 constitute conclusions of law to which
16     no response is required.
17 23. The allegations contained in Paragraph 23 constitute conclusions of law to which
18     no response is required.

## STATEMENT OF FACTS

20 24. Defendant is without information or knowledge sufficient to form a belief as to
21     the truth of the allegations contained in the first sentence of Paragraph 24, and
22     avers that on September 20, 2007, EPA received the Petition. The remaining
23     allegations in Paragraph 24 purport to characterize the Petition, which speaks for
24     itself and is the best evidence of its contents.
25 25. Defendant denies the allegations contained in Paragraph 25 as stated and avers
26     that on October 23, 2007, EPA published a Notice of Receipt of the Petition in the
27     *Federal Register* to solicit public comment.

–4–

1   26.   The allegations contained in Paragraph 26 purport to characterize the EPA Letters
2         to Petitioners, which speak for themselves and are the best evidence of their
3         contents.
4   27.   The allegations contained in Paragraph 27 purport to characterize the EPA Letters
5         to Petitioners and the EPA Letters to Manufacturers, which speak for themselves
6         and are the best evidence of their contents.  Defendant avers that EPA sent each of
7         the EPA Letters to Manufacturers as each letter is addressed.
8   28.   The allegations contained in Paragraph 28 purport to characterize the EPA Letters
9         to Manufacturers, which speak for themselves and are the best evidence of their
10        contents.
11  29.   The allegations contained in Paragraph 29 purport to characterize an EPA *Federal*
12        *Register* notice dated December 21, 2007 ("EPA Response"), which speaks for
13        itself and is the best evidence of its contents.
14  30.   To the extent that the allegations set forth in Paragraph 30 purport to characterize
15        the definition of air fresheners offered in the Petition for purposes of the Petition,
16        the Petition speaks for itself and is the best evidence of its contents.  Defendant is
17        without information or knowledge sufficient to form a belief as to the truth of the
18        remaining allegations, if any, set forth in Paragraph 30 and, on that basis, denies
19        these allegations.
20  31.   Defendant avers that at least some products referred to as air fresheners can be
21        used to spread a scent in a given area.  Defendant is without information or
22        knowledge sufficient to form a belief as to the truth of the remaining allegations
23        set forth in Paragraph 31 and, on that basis, denies these allegations.
24  32.   Defendant is without information or knowledge sufficient to form a belief as to
25        the truth of the allegations set forth in Paragraph 32 and, on that basis, denies
26        these allegations.

1  33.  Defendant is without information or knowledge sufficient to form a belief as to
2       the truth of the allegations set forth in Paragraph 33 and, on that basis, denies
3       these allegations.
4  34.  The allegations set forth in the first and second sentences of Paragraph 34 as
5       stated are too vague and ambiguous to enable Defendants to admit or deny same.
6       Defendant is without information or knowledge sufficient to form a belief as to
7       the truth of the allegations set forth in the third sentence of Paragraph 34 and, on
8       that basis, denies these allegations. Defendant denies the allegations set forth in
9       the fourth sentence of Paragraph 34 as stated and avers that some products
10      referred to as air fresheners are used in some public places, including some public
11      bathrooms, offices, retail stores, and restaurants.
12 35.  Defendant is without information or knowledge sufficient to form a belief as to
13      the truth of the allegations set forth in Paragraph 35 and, on that basis, denies
14      these allegations.
15 36.  The allegations set forth in Paragraph 36 purport to characterize the 2005 Annual
16      Report of the American Association of Poison Control Centers' National
17      Poisoning and Exposure Database ("AAPCC Report") which speaks for itself and
18      is the best evidence of its contents.
19 37.  The allegations set forth in the first sentence of Paragraph 37 as stated are too
20      vague and ambiguous to enable Defendant to admit or deny same. Defendant
21      denies the allegations set forth in the second and third sentences of Paragraph 37,
22      and avers that they are too broad to be accurate as stated. Defendant further avers
23      that individual phthalates have different toxicological profiles. The allegations set
24      forth in the fourth sentence of Paragraph 37 purport to characterize an assessment
25      of California's Office of Environmental Health Hazard Assessment, which speaks
26      for itself and is the best evidence of its contents.

| | | |
|---|---|---|
| 1 | 38. | The allegations set forth in the first sentence of Paragraph 38 purport to |
| 2 | | characterize unidentified test results which speak for themselves and are the best |
| 3 | | evidence of their contents.  Defendant is without information or knowledge |
| 4 | | sufficient to form a belief as to the truth of the allegations set forth in the second |
| 5 | | sentence of Paragraph 38 and, on that basis, denies these allegations. |
| 6 | 39. | The allegations set forth in the first sentence of Paragraph 39 purport to |
| 7 | | characterize a World Health Organization, International Agency for Research, |
| 8 | | Monograph relating to formaldehyde, which speaks for itself and is the best |
| 9 | | evidence of its contents. |
| 10 | 40. | The allegations set forth in the first sentence of Paragraph 40 purports to |
| 11 | | characterize unidentified test results, which speak for themselves and are the best |
| 12 | | evidence of their contents.  Defendant is without information or knowledge |
| 13 | | sufficient to form a belief as to the truth of the allegations set forth in the second |
| 14 | | sentence of Paragraph 40 and, on that basis, denies these allegations. |
| 15 | 41. | The allegations set forth in the first sentence of Paragraph 41 purport to |
| 16 | | characterize a World Health Organization, International Agency for Research, |
| 17 | | Monograph relating to benzene, which speaks for itself and is the best evidence of |
| 18 | | its contents. |
| 19 | 42. | The allegations set forth in the first sentence of Paragraph 42 purports to |
| 20 | | characterize unidentified test results, which speak for themselves and are the best |
| 21 | | evidence of their contents.  Defendant is without information or knowledge |
| 22 | | sufficient to form a belief as to the truth of the allegations set forth in the second |
| 23 | | sentence of Paragraph 42 and, on that basis, denies these allegations. |
| 24 | 43. | The allegations set forth in Paragraph 43 characterize EPA's regulations, which |
| 25 | | speak for themselves and the best evidence of its contents. |
| 26 | 44. | The allegations set forth in the first, second, and third sentence of Paragraph 44 |
| 27 | | purport to characterize the 2005 Annual Report of the American Association of |

|   |   |   |
|---|---|---|
| 1 |  | Poison Control Centers' National Poisoning and Exposure Database ("AAPCC |
| 2 |  | Report") which speaks for itself and is the best evidence of its contents. |
| 3 |  | Defendant is without information or knowledge sufficient to form a belief as to |
| 4 |  | the truth of the allegations set forth in the fourth sentence of Paragraph 44 and, on |
| 5 |  | that basis, denies these allegations. |
| 6 | 45. | The allegations in the first sentence of Paragraph 45 purport to characterize one or |
| 7 |  | more unspecified informational reports which speak for themselves and are the |
| 8 |  | best evidence of their contents.  The allegations in the second sentence of |
| 9 |  | Paragraph 45 constitute a characterization of Plaintiffs' claims and conclusions of |
| 10 |  | law to which no response is required. |
| 11 | 46. | Defendant incorporates by reference its responses to Paragraphs 1 through 45 of |
| 12 |  | the Answer. |
| 13 | 47. | The allegations in Paragraph 47 purport to characterize the Petition, which speaks |
| 14 |  | for itself and is the best evidence of its contents. |
| 15 | 48. | The allegations in Paragraph 48 purport to characterize the EPA Response, which |
| 16 |  | speaks for itself and is the best evidence of its contents. |
| 17 | 49. | The allegations in the first sentence of Paragraph 49 purport to characterize the |
| 18 |  | EPA Response, which speaks for itself and is the best evidence of its contents. |
| 19 |  | The remaining allegations set out in Paragraph 49 constitute a characterization of |
| 20 |  | Plaintiffs' claims and conclusions of law, to which no response is required. |
| 21 | 50. | The allegations set out in the first sentence of Paragraph 50 constitute a |
| 22 |  | characterization of Plaintiffs' claims and conclusions of law, to which no response |
| 23 |  | is required.  The allegations set out in the second sentence of Paragraph 50 |
| 24 |  | purport to characterize the EPA Letters to Manufacturers, which speak for |
| 25 |  | themselves and are the best evidence of their contents. |
| 26 | 51. | Defendant admits that it did not request unpublished health and safety studies in |
| 27 |  | the EPA Letters to Manufacturers, but states that it is without information or |

|   |   |   |
|---|---|---|
| 1 |  | knowledge sufficient to form a belief as to the truth of the remaining allegations, |
| 2 |  | if any, set forth in the first sentence of Paragraph 51. The allegations set out in |
| 3 |  | the second sentence of Paragraph 51 constitute a characterization of Plaintiffs' |
| 4 |  | claims and conclusions of law, to which no response is required. |
| 5 | 52. | The allegations set out in Paragraph 52 constitute a characterization of Plaintiffs' |
| 6 |  | claims and conclusions of law, to which no response is required. |
| 7 | 53. | The allegations in Paragraph 53 purport to characterize the Petition, the 2005 |
| 8 |  | AAPCC report, the European Commission's Scientific Committee on Health and |
| 9 |  | Environmental Risks Report on Air Fresheners, and a 2005 study by Caress SM |
| 10 |  | and AC Steinemann, which speak for themselves and are the best evidence of |
| 11 |  | their contents. |
| 12 | 54. | The allegations set out in Paragraph 54 constitute a characterization of Plaintiffs' |
| 13 |  | claims and conclusions of law, to which no response is required. |
| 14 | 55. | Defendant incorporates by reference its responses to Paragraphs 1 through 54 of |
| 15 |  | the Answer. |
| 16 | 56. | The allegations in Paragraph 56 purport to characterize the Petition, which speaks |
| 17 |  | for itself and is the best evidence of its contents. |
| 18 | 57. | The allegations in Paragraph 57 purport to characterize the EPA Response, which |
| 19 |  | speaks for itself and is the best evidence of its contents. |
| 20 | 58. | The allegations in the first sentence of Paragraph 58 purport to characterize the |
| 21 |  | EPA Response, which speaks for itself and is the best evidence of its contents. |
| 22 |  | The remaining allegations set out in Paragraph 58 constitute a characterization of |
| 23 |  | Plaintiffs' claims and conclusions of law, to which no response is required. |
| 24 | 59. | The allegations contained in the first, third, and fourth sentences of Paragraph 59 |
| 25 |  | purport to characterize the Petition, unidentified test results, and the OEHHA |
| 26 |  | Assessment, which speak for themselves and are the best evidence of their |
| 27 |  | contents. Defendant denies the allegations set forth in the second sentence of |

1         Paragraph 59 and avers that it is too broad to be accurate as stated because

2         individual phthalates have different toxicological profiles.

3   60.   The allegations set forth in Paragraph 60 constitute a characterization of Plaintiffs'

4         claims and conclusions of law, to which no response is required.

5   61.   The allegations set forth in Paragraph 61 constitute a characterization of Plaintiffs'

6         claims and conclusions of law, to which no response is required.

7   62.   The allegations set out in the first sentence of Paragraph 62 are too vague and

8         ambiguous to enable Defendants to admit or deny same. The allegations set out

9         in the second sentence of Paragraph 62 constitute a characterization of Plaintiffs'

10         claims and conclusions of law, to which no response is required.

11   63.   The allegations set out in Paragraph 63 constitute a characterization of Plaintiffs'

12         claims and conclusions of law, to which no response is required.

## PRAYER FOR RELIEF

The remainder of the Complaint consists of Plaintiffs' Prayer for Relief and requires no response. To the extent a response is required, Defendant denies that Plaintiffs are entitled to any relief whatsoever.

## GENERAL DENIAL

Defendant hereby denies each and every allegation, explicit and implicit, in Plaintiffs' Complaint not specifically admitted, denied, or qualified herein, including Plaintiffs' claims and requests for relief.

## FIRST DEFENSE

Plaintiffs fail to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiffs lack standing to pursue their claims against Defendant.

## REQUEST FOR RELIEF

Defendant requests that this Court deny each and every of Plaintiffs' requests for relief in its entirety and dismiss the Complaint with prejudice and with costs; enter judgment in favor of

1 the Defendant; and award to the Defendant such other further relief as the Court deems just and
2 proper.
3
4 DATE: August 11, 2008
5 Respectfully submitted,
6
7         RONALD J. TENPAS
        Assistant Attorney General
8         Environment and Natural Resources
        Division
9
10          /s/_____
        LESLIE M. HILL (D.C. Bar No. 476008)
11         U.S. Department of Justice
        Environment & Natural Resources Division
12         Environmental Defense Section
        601 D. Street N.W., Suite 8000
13         Washington D.C.  20004
        Leslie.Hill@usdoj.gov
14         Telephone (202) 514-0375
        Facsimile (202) 514-8865
15
        Attorneys for Defendants
16
Of Counsel:
17
DAVID BEROL
18
Office of General Counsel
19 United States Environmental Protection Agency
20 //
21 //
22 //
23 //
24 //
25

–11–
DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
CASE NO. C 08-00956-JL

## CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2008, the foregoing **DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF** was filed electronically. Pursuant to Local Rule 5-5 and General Order No. 45, a Notice of Electronic Filing will be sent to the following parties by operation of the Court's electronic filing system:

**Counsel for Plaintiffs Sierra Club, Natural Resources Defense Council, and the Alliance for Healthy Homes**:

James R. Wheaton
Lynne R. Saxton
Environmental Law Foundation
1736 Franklin Street, 9th Floor
Oakland, CA 94612
wheaton@envirolaw.org
lsaxton@envirolaw.org

Thomas Neltner
1701 Tilton Dr.
Silver Spring, MD 20902
neltner@ikecoalition.org

Mae C. Wu (Cal. Bar No. 216086)
Aaron Colangelo
Natural Resources Defense Council
1200 New York Avenue, N.W. Suite 400
Washington, D.C. 20005
mwu@nrdc.org
acolangelo@envirolaw.org